IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re: Estate of Mario Sacchetti
and Charles Sacchetti,
Executor
1617 John F. Kennedy Blvd.
One Penn Center, Suite 1055
Philadelphia, PA 19103
   Plaintiffs Creditors
 vs.

KAI MUI YAU
112 Margate Road
Upper Darby, PA 19082
   Defendant Debtor



Chapter 7

Case No. 17-16823

Creditor Meeting: 11/8/17
Objection Deadline: 1/7/18

## ADVERSARIAL COMPLAINT

1. Plaintiffs Creditors are the Estate of Mario Sacchetti and Charles Sacchetti, Executor.

2. The defendant is debtor, Kai Mui Yau (hereinafter "Yau") who filed a voluntary petition under Chapter 7 of Title 11 of the United States Code in the United States Bankruptcy Court for the Eastern District of Pennsylvania only six days before trial was to begin on October 12, 2017 in the Philadelphia Court of Common Pleas in an action at No.150401674 arising out of defendant Yau's violations of the Pennsylvania Uniform Fraudulent Transfer Act, 12 Pa. C..S. § 5104 and plaintiffs are judgment creditors of defendant debtor.

## JURISDICTION

3. On November 8, 2017, the creditor meeting was begun pursuant to §341(a) of the Bankruptcy Code, Title 11 of the United States Code.

4. As of the date of the filing of this Complaint, the debtor has not been granted a discharge.

5. This Complaint is timely filed because the date by which a Complaint objecting to the debtor's discharge or to determine dischargeability of a debt expires on or about January 7, 2018.

6. This is an adversary proceeding in which the the plaintiffs/creditors are objecting to the debtor's discharge and the dischargeability of that debt under Title 11 of the Bankruptcy Code including §523(a)(2), (4) and (6).

7. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334 because the district court shall have exclusive jurisdiction of all cases under Title 11.

8. This case involves core proceedings under 28 U.S.C. §157(b)(2)(A)(matters concerning administration of the estate), (I)(determination of nondischargeability of the debt) and, (J) (objection to discharge).

## BACKGROUND

9. On June 2, 2011, Mario Sacchetti (hereinafter, Mario or decedent) died testate in the City of Philadelphia.

10. On June 22, 2011 Mario's Will was probated and letters testamentary were granted to Charles Sacchetti, his nephew.

11. In 2008 Mario Sacchetti introduced one Kai Mui Yau aka "Linda" to his family and informed his family that he was going to marry Yau to help her obtain a green card and in return Yau would be his companion, take care of him, watch out for him and clean and cook for him.

12. At the time of their purported marriage in December 2008 Mario was eighty three years old (having a date of birth of March 4, 1925) and suffering from congestive heart failure and diabetes and could not engage in sexual activity and Yau, a Chinese immigrant, was 57 years of age.

13. Charles Sacchetti, who took care of his Uncle Mario's finances, coordinated Mario's medical care and took Mario to doctor's visits, recommended that a prenuptial agreement be entered into by the couple.

14. After Mario and Yau consulted their respective attorneys, a prenuptial agreement was signed, a marriage license was obtained and a marriage ceremony took place on December 6, 2008 attended by 5 people in addition to Mario and Yau: Mr. and Mrs. Charles Sacchetti, Olga Maseri (Mario's sister), Vincent Maseri (Mario's nephew) and Nga Ting Chan (Yau's daughter). A true and correct copy of the prenuptial agreement is attached as Exhibit A.

15. After the ceremony, Yau did not move into decedent's dwelling at 2827 Bittern Place and instead remained domiciled at her home at 429 Ritner Street, Philadelphia, Pennsylvania.

16. Within weeks of the wedding, Mario made certain gifts to Yau including deeding his residence at 2827 Bittern Place in Philadelphia to him and Yau as tenants by the entireties, and adding Yau as a joint tenant with a right of survivorship to Mario's bank accounts at Prudential Savings Bank.

17. On December 17, 2010, about two years after she purported to marry Mario Sacchetti on December 6, 2008, Yau filed for divorce in the Cameron County Court of

Common Pleas of Pennsylvania against one Chan Cheung Kai whom Yau married in Hong Kong on June 15, 1971 pursuant to the verified divorce complaint.

18. Yau admitted in a pleading filed in Orphans' Court on November 14, 2011 that she resided with Chan Cheung Kai for approximately fifteen (15) years and she held him out to be her husband and had four children with him and that when Yau entered the United States in 2002 she reported herself to be a married person on her visa application.

19. The Cameron County Court of Common Pleas declared Yau divorced from Cheung Kai Chan on February 16, 2011.

20. After the divorce, Mario Sacchetti made no attempt to reaffirm the marriage with Ms. Yau and instead he filed a Complaint for Annulment in the Philadelphia County Court of Common Pleas on April 5, 2011.

21. Before the annulment could be granted Mario died on June 2, 2011.

### ORPHANS' COURT PROCEEDINGS AGAINST THE DEBTOR

22. After Mario's death, Yau changed the locks at Mario's home at 2827 Bittern Place to prevent Charles Sacchetti, Executor from entering, took possession of a motor vehicle which was titled solely to Mario and refused the Executor access to decedent's last residence which prompted extracted litigation in Philadelphia Orphans' Court.

23. Personal service of a Citation issued by Orphans' Court was effectuated on Kai Mui Yau on October 13, 2011 and a second Citation was served on Yau on November 8, 2012. See Verifications of Service, Exhibit B hereto.

24. In November of 2011, Executor filed a petition in Orphans' Court seeking a declaration that decedent's and Yau's prenuptial agreement was null and void, that

decedent's and Yau's marriage on December 6, 2008 was null and void, that specific bequests to Yau in decedent's Will were null and void and that transfers of property by Mario to Yau were null and void.

25. While Executor's petitions were pending, Yau withdrew money from Prudential Bank that was the subject of the Executor's petitions and on March 14, 2012, Yau transferred $100,000.00 from an account she maintained at HSBC Bank to a Hong Kong bank account in the name of her youngest son Chan Chun Fung.

26. Following a hearing before the Honorable Joseph O'Keefe on November 26, 2012 at which Yau appeared and testified with a court appointed translator, Orphans' Court issued several decrees dated June 28, 2013 setting forth rulings and declarations as follows:

    a)    The marriage between Mario and Yau was null and void,

    b)    The prenuptial agreement entered between Mario and Yau was null and void,

    c)    All gifts or devises or bequests in Mario's Will made to Yau were null and void,

    d)    The deed dated February 27, 2009 transferring 2827 Bittern Place from Mario to the joint names of Mario and Yau was null and void,

    e)    Documents purporting to establish two bank accounts owned by Mario and Yau were declared null and void, and

    f)    The property transferred to Yau including the real property at 2827 Bittern and the money in Mario's bank accounts was ordered to be returned to the Estate.

Copies of these decrees are attached as Exhibit C.

27. Yau filed exceptions to these decrees against her which were dismissed by Orphans' Court on November 1, 2013 and made final by decrees entered on November

25, 2013. See Judge O'Keefe's decrees of November 1, 2013 dismissing Yau's exceptions attached as Exhibit D.

28. Yau appealed to Superior Court raising several arguments including that she should get another hearing because she and the translator spoke different dialects and all of Yau's arguments were rejected.

29. Orphans' Court observed Ms. Yau speaking English just fine without an interpreter and that Yau's difficulties with the English language seemed to come and go as she needed them. See Orphans' Court's Pa. R.A. P. 1925 (a)(1) Opinion attached as Exhibit E.

30. Orphans' Court found that Yau earned her living by managing her rental properties and she had the ability to engage in financial dealings in the United States.

31. Superior Court affirmed the Orphans' Court findings that Yau did not need an interpreter in the first instance and that Yau was not entitled to a new hearing on that basis. See Superior Court's Opinion at In Re Estate of Sacchetti, 128 A.3d 273 (Pa. Super. 2015) attached hereto as Exhibit F and following Yau's Petition for Allowance of Appeal, the Pennsylvania Supreme Court's order dated August 30, 2016 denying debtor's petition attached as Exhibit G.

32. Orphans' Court found, and Superior Court affirmed, that Mario Sacchetti and Yau never lived together as husband and wife and that their marriage was void ab initio. See Exhibits E and F attached hereto.

33. Orphans' Court found, and Superior Court affirmed, that Yau fraudulently induced Mario Sacchetti to marry her knowing she would not perform her martial obligations and fraudulently induced Mario Sacchetti into believing that in return for

bequeathing to her his dwelling at 2827 Bittern Place and $25,000.00 cash she would provide companionship and cook and clean for him during what was intended to be a marriage of short duration given Mario's advanced age, heart problems and diabetes. See Exhibits E and F.

34. However, the marriage was invalid as Yau was already married when she purported to marry Mario and Yau did not take care of or provide companionship to Mario as found by Orphans' Court, affirmed by Superior Court.

35. The gifts of real estate, bank accounts and bequests were made by Mario in reliance upon conditions that did not occur and the transfers of real estate and bank accounts and will bequests were voided. See Exhibits E and F.

36. In Superior Court's opinion dated November 25, 2015 (Exhibit F) the appellate court affirmed Orphans' Court's June 28, 2013 decrees declaring the marriage of debtor and Mario Sacchetti void; the deed from Mario Sacchetti to Mario Sacchetti and debtor void; the prenuptial agreement between Mario Sacchetti and debtor void; the joint ownership of bank accounts between Mario Sacchetti and debtor void; all because of debtor's fraud in attempting to marry the decedent, Mario Sacchetti, when she was already married to someone else, one Cheung Chan Kai aka Chan Cheung Kai aka Cheung Kai Chan.

37. Superior Court affirmed that the Orphans' Court's decrees were based on clear and convincing evidence of the debtor's fraud.

38. After the Supreme Court's order dated August 30, 2016 denying debtor's Petition for Allowance of Appeal (Exhibit G), the matter was remanded to Orphans' Court for further proceedings which resulted in a money judgment against Yau in

January 2017 after a hearing conducted in January 2017 at which debtor testified and was represented by counsel. See Orphans' Court's January 12, 2017 orders attached as Exhibit H. Yau did not appeal these final orders.

39. Based on these final orders and judgments, debtor owes the Estate the sum in the amount $191,233.15 as stated in plaintiffs' Proof of Claim filed on Novmeber 28, 2017 and that debt continues to accrue legal interest.

## COUNT ONE:
## PLAINTIFFS v. DEBTOR

### (Nondischargeability Of Plaintiffs' Judgment Under §523(a)(2)(A) Of The Bankruptcy Code)

40. Plaintiffs incorporate by reference paragraphs one (1) through thirty nine (39) above as if set forth herein at length.

41. Plaintiffs file this Adversary Complaint pursuant to Federal Rule of Bankruptcy Procedure 7001(6) for the purpose of obtaining a declaration of non-dischargeability of a debt owed by defendant debtor to plaintiffs arising from the aforedescribed judgment entered against defendant/debtor in Philadelphia Orphans' Court in January 2017 which arose as a result of previously issued decrees by Orphans' Court on June 28, 2013, made final by the Orphans' Court on November 1, 2013 and affirmed by the Pennsylvania Superior Court.

42. The debt owed by defendant/debtor to plaintiffs, a judgment rendered by Orphans' Court in the amount of $181,671.74 plus legal interest, for a total due in the amount of $191,233.15 as of November 28, 2017 which debt continues to accrue legal interest, is not dischargeable because the judgment arises from debtor's fraudulent and egregious conduct in her dealings with decedent, Mario Sacchetti and plaintiffs herein.

43. The debtor's debt to the Estate acknowledged by debtor in her bankruptcy petition is nondischargeable under 11 U.S.C. §523(a)(2)(A) because the judgment is based on the debtor's fraud.

WHEREFORE, plaintiffs seek a declaration that the Orphans' Court judgment identified in debtor's Petition is nondischargeable.

## COUNT TWO:
## PLAINTIFFS v. DEBTOR

### (Nondischargeability Of Plaintiffs' Judgment Under §523(a)(4) Of The Bankruptcy Code)

44. Plaintiffs incorporate by reference paragraphs one (1) through forty three (43) above as if set forth herein at length.

45. Plaintiffs file this Adversary Complaint pursuant to Federal Rule of Bankruptcy Procedure 7001(6) for the purpose of obtaining a declaration of non-dischargeability of a debt owed by defendant debtor to plaintiffs arising from the aforedescribed judgment entered against defendant/debtor in Philadelphia Orphans' Court in January 2017 which arose as a result of previously issued decrees by Orphans' Court on June 28, 2013, made final by the Orphans' Court on November 1, 2013 and affirmed by the Pennsylvania Superior Court.

46. The debt owed by defendant/debtor to plaintiffs, a judgment rendered by Orphans' Court in the amount of $181,671.74 plus legal interest, for a total due in the amount of $191,233.15 as of November 28, 2017 which debt continues to accrue legal interest, is not dischargeable because the judgment arises from debtor's fraudulent and egregious conduct in her dealings with decedent, Mario Sacchetti and plaintiffs herein.

47. The debtor's debt to the Estate identified in debtor's Petition is nondischargeable under 11 U.S.C. §523(a)(4) because the judgment is based on the

9

fraud or defalcation while Yau acted in a fiduciary capacity vis a vis decedent's assets which did not belong to Yau and which Yau wrongfully confiscated.

WHEREFORE, plaintiffs seek a declaration that the Orphans' Court judgment identified in debtor's Petition is nondischargeable.

## COUNT THREE:
## PLAINTIFFS v. DEBTOR

### (Nondischargeabilityof Plaintiffs' Judgment Under §523(a)(6) Of The Bankruptcy Code)

48. Plaintiffs incorporate by reference paragraphs one (1) through forty seven (47) above as if set forth herein at length.

49. The debt is further nondischargeable under 11 U.S.C. §523 (a)(6) because it is based on the willful and malicious injury by the debtor to the Estate by her egregious conduct including without limitation making her assets unavailable to satisfy any judgment obtained by plaintiffs against her by way of an elaborate scheme to transfer ownership of her Philadelphia real estate (identified in the prenuptial agreement, Exhibit A hereto) to confidantes and insiders for substantially less than reasonably equivalent value all in violation of the Pennsylvania Uniform Fraudulent Transfer Act.

WHEREFORE, plaintiffs seek a declaration that the Orphans' Court judgment identified in debtor's Petition is nondischargeable.

## COUNT FOUR:
## PLAINTIFFS v. DEFENDANT DEBTOR

### (Preliminary Injunction; Temporary Restraining Order)

50. Plaintiffs incorporate by reference paragraphs one (1) through forty nine (49) above as if set forth herein at length.

51. Plaintiffs have a reasonable basis to contend that the debtor was recently in collusion with one Kwan Ping Kwok in an attempt to sell the properties which Yau owned at the time she purported to marry Mario (see prenuptial agreement, Exhibit A and asset list, Exhibit B to same) currently titled to Kwok which are actually owned, controlled and maintained by the debtor, specifically the real estate located at:

- 429 Ritner Street, Philadelphia, PA 19148
- 616 Fernon Street, Philadelphia, PA 19148
- 1941 S. 6th Street, Philadelphia, PA 19148
- 807 Snyder Avenue, Philadelphia, PA 19148

52. The aforedescribed real estate is the subject of two state court actions involving the debtor and her confidantes as follows:

| ESTATE OF MARIO SACCHETTI, by and through CHARLES SACCHETTI, EXECUTOR and CHARLES SACCHETTI vs. KAI MUI YAU aka LINDA SACCHETTI and MAN YI LAI | : : : : : : : : | IN THE PHILADELPHIA COUNTY COURT OF COMMON PLEAS<br><br>APRIL TERM, 2015<br><br>NO.: 1674 |
|---|---|---|
| ESTATE OF MARIO SACCHETTI, by and through CHARLES SACCHETTI, EXECUTOR and CHARLES SACCHETTI vs. KWAN PING KWOK and KAI MUI YAU and MAN YI LAI | : : : : : : : : : : | IN THE PHILADELPHIA COUNTY COURT OF COMMON PLEAS<br><br>SEPTEMBER TERM, 2016<br><br>NO.: 3156 |

53. On February 24, 2016 plaintiffs filed and recorded a lis pendens on these properties and a true and correct copy of same is attached as Exhibit I.

54. On October 16, 2017 plaintiffs' counsel's office undertook a search to confirm that the lis pendens was and would be clearly evident to anyone considering purchasing the subject properties.

55. As a result it was learned that 429 Ritner Street, Philadelphia, PA was associated with MLS #7063313 (see Google search results attached as Exhibit J); and, a further internet search revealed that Central Realty Group, LLC was the listing agent for the seller of 429 Ritner Street. See information on the realtor attached as Exhibit K and the realtor's association with 429 Ritner Street attached as Exhibit L.

56. The properties listed above, and which are the subject of the two state actions listed above, constitute the only property of the debtor in the United States of America available to satisfy not only the Estate's judgment against debtor rendered in Orphans' Court but also, to satisfy plaintiffs' damages claim in the two state actions including plaintiffs' claims for punitive damages based on debtor's fraudulent and egregious conduct.

57. Plaintiffs seek a court order enjoining debtor and any of her confidantes, relatives, agents or employees from transferring title to the subject properties until the bankruptcy and fraudulent conveyance state actions are concluded.

WHEREFORE, plaintiffs pray for relief in the nature of a preliminary injunction and/or a temporary restraining order to prevent debtor from transferring the debtor's assets and any other relief the Court deems just and proper under the circumstances.

RESPECTFULLY SUBMITTED,
Harrington & Caldwell, P.C.
Attorneys for Plaintiffs

By:_____
ROGER J. HARRINGTON, ESQUIRE

## EXHIBITS TO ADVERSARIAL COMPLAINT

| | |
|---|---|
| Prenuptial Agreement | A |
| Verification of Service of personal service of a Citation issued by Orphans' Court was effectuated on Kai Mui Yau on October 31, 2011 | B |
| Orphans' Court decrees dated June 28, 2013 setting forth rulings and declarations as | C |
| Judge O'Keefe's Final Decree of November 1, 2013 dismissing Yau's exceptions | D |
| Orphans' Court Pa. R.A. P. 1925 (a)(1) Opinion | E |
| Superior Court's Opinion at In Re Estate of Sacchetti, 128 A.3d 273 (Pa. Super. 2015) | F |
| Pennsylvania Supreme Court's order dated August 30, 2016 denying debtor's Petition | G |
| Orphans' Court's January 12, 2017 | H |
| Lis pendens filed by plaintiffs on the properties | I |
| Google search results for 429 Ritner Street, Philadelphia, PA and associated with MLS #7063313 | J |
| Internet search showing Central Realty Group, LLC as listing agent for the seller of 429 Ritner Street | K |
| Internet search showing realtor's association with 429 Ritner Street | L |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: Estate of Mario Sacchetti and Charles Sacchetti, Executor<br>1617 John F. Kennedy Blvd.<br>One Penn Center, Suite 1055<br>Philadelphia, PA 19103<br>        Plaintiffs Creditors<br>   vs.<br><br>**KAI MUI YAU**<br>**112 Margate Road**<br>**Upper Darby, PA 19082**<br>        **Defendant Debtor** | Chapter 7<br><br>Case No. 17-16823<br><br>Creditor Meeting: 11/8/17<br>Objection Deadline: 1/7/18 |

### CERTIFICATION OF SERVICE

I, Roger J. Harrington, Esquire certify that I caused the Adversarial Complaint counsel for defendant debtor Kai Mui Yau as follows:

Michael A. Cohen, Esquire
Law Offices of Michael A. Cohen
2113 Snyder Avenue
Philadelphia, PA  19145

RESPECTFULLY SUBMITTED,
Harrington & Caldwell, P.C.
Attorneys for Plaintiffs

DATE: 1/4/18

By: _____
ROGER J. HARRINGTON, ESQUIRE